UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARREN COOK | ) | CASE NO. |
| 260 East 244th Street, Apt. 101 | ) | |
| Euclid, Ohio 44123 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| WINDOW NATION, INC. | ) | |
| c/o Statutory Agent Peter A. Bellini, CPA | ) | (Jury Demand Endorsed Herein) |
| 6563 Wilson Mills Road #102 | ) | |
| Mayfield Village, Ohio 44143 | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff Darren Cook, by and through counsel, and for his Complaint against Defendant Window Nation, Inc ("Window Nation"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, and for overtime compensation earned on bonus payments, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and 29 C.F.R. § 778.209(a), as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts

business throughout this District and Division, Defendant's principle office in Ohio is located in this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of the State of Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant Window Nation, Inc. was a for profit foreign corporation, organized and incorporated in the State of Maryland, doing and conducting business throughout the United States, including in this District and Division, and has its principle office within Ohio located in Cuyahoga County at 25780 Miles Road, Bedford Heights, Ohio 44146.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 as he used tools, products, and equipment that traveled in interstate commerce.

11. Written consents to join this action as to Count One, as and when executed by

other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## **FACTUAL ALLEGATIONS**

12. Defendant is a sales and home installation company providing sales and installation of windows, sidings, doors, and roofing in Ohio, Washington, D.C., Maryland, Pennsylvania, Delaware, New Jersey, and Virginia.

13. Plaintiff has been employed by Defendant as a Field Marketer since April 9, 2012 in Defendant's Graton Road, Cleveland, Ohio office.

14. Other similarly-situated employees were employed by Defendant as Field Marketers throughout the United States, including in Ohio, and they were primarily responsible for canvassing work, engaging in promotional activity, for the purposes of scheduling appointments for other employees at Window Nation who made sales.

15. Plaintiff and other similarly-situated Field Marketers did not make sales.

16. Plaintiff and other similarly-situated Field Marketers were classified by Defendant as non-exempt employees.

17. Plaintiff and other similarly-situated Field Marketers were paid by Defendant on an hourly basis, plus bonuses.

18. Defendant, however, failed to include the bonuses paid to Plaintiff and other similarly-situated Field Marketers in their regular hourly rate of pay for purposes of computing their overtime compensation.

**(Failure to Pay For All Hours Worked)**

19. Plaintiff and other similarly-situated Field Marketers were required by Defendant to perform unpaid work before clocking in and after clocking out each day, including, but not limited to, making flyers/door hangers, obtaining maps, gathering lead sheets, putting together

binders, and attending meetings with managers and other Field Marketers.

20. Plaintiff and other similarly-situated Field Marketers were required by Defendant to perform unpaid work traveling from the office to job sites and/or shows and from job sites and/or shows back to the office, including job sites and shows in other states.

21. Defendant arbitrarily failed to count this work performed by Plaintiff and other Field Marketers as "hours worked."

22. All of these activities occurred between the commencement of their first principal activity and the completion of their last principal activity during the workday, and thus, are compensable under the continuous workday rule.

23. Plaintiff and other Field Marketers performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

24. Plaintiff estimates that he spends approximately 30-60 minutes on average each day performing off-the-clock unpaid work, including, but not limited to making flyers/door hangers, obtaining maps, gathering lead sheets, putting together binders, and attending meetings with managers and other Field Marketers.

25. Plaintiff estimates that he spends approximately two (2) to seven (7) hours on average each day that he travels for work traveling from the office to job sites and/or shows and/or from job sites and/or shows back to the office, including job sites and shows in other states.

26. This unpaid work performed by Plaintiff and other Field Marketers was practically ascertainable to Defendant.

27. There was no practical administrative difficulty of recording the unpaid work of Plaintiff and other Field Marketers before clocking in and clocking out each day. It could have

been precisely recorded for payroll purposes simply by allowing them to clock in before they performed this work and/or to clock out after performing this work. However, Defendant's policy and practice prohibited Plaintiff and other Field Marketers to clock-in more than five (5) minutes before their scheduled shift times.

28. There was no practical administrative difficulty of recording the unpaid work of traveling from the office to job sites and/or shows and from job sites and/or shows back to the office, including job sites and shows in other states. It could have been precisely recorded for payroll purposes simply by having Plaintiff and other Field Marketers record and report this time.

29. This unpaid work performed by Plaintiff and other Field Marketers constituted their principal activities and/or were an integral and indispensable part of their principle activities, was required by Defendant, and was performed for Defendant's benefit.

30. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other Field Marketers.

31. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated Field Marketers for work performed before clocking and after clocking out each day, including, but not limited to, making flyers/door hangers, obtaining maps, gathering lead sheets, putting together binders, attending meetings with managers and other Field Marketers, and traveling from the office to job sites and/or shows and from job sites and/or shows back to the office, including job sites and shows in other states.

**(Failure to Include Bonuses in Regular Hourly Rate of Pay)**

32. Plaintiff and other Field Marketers were paid bonuses as part of their compensation.

33. Defendant, however, failed include the bonuses paid to Plaintiff and other similarly-situated Field Marketers in their regular hourly rate of pay for purposes of computing their overtime compensation.

34. As a result of Defendant's failure to include bonuses in the computation of the regular hourly rate of pay and overtime compensation, Plaintiff and other similarly-situated Field Marketers were denied significant amounts of overtime compensation.

35. Defendant knowingly and willfully failed to include the bonuses paid to Plaintiff and other similarly-situated Field Marketers in the computation of the regular hourly rate of pay and overtime compensation.

**(Failure to Pay Overtime Compensation)**

36. As a result of Plaintiff and other Field Marketers not being paid for all hours worked, Plaintiff and other Field Marketers were not paid overtime compensation for all of the hours they worked over 40 each workweek.

37. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

38. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other Field Marketers before clocking in each day.

39. The amount of time Plaintiff and other Field Marketers spent on their required and unpaid work amounted to 30 minutes to seven (7) hours each day.

**COLLECTIVE ACTION ALLEGATIONS**

40. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will

be adversely affected by Defendant's unlawful conduct.

41. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All former and current Field Marketers employed by Window Nation, Inc. between May 12, 2014 and the present.

42. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief avers that it consists of at least 350 persons.

43. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

44. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All former and current Field Marketers employed Window Nation, Inc. in the State of Ohio between May 12, 2014 and the present.

46. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

47. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

    a) whether Defendant failed to pay overtime compensation to their Field Marketers for hours worked in excess of 40 each workweek; and

    b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

48. Named Plaintiff will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

49. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

50. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of

pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. Defendant's practice and policy of not paying Plaintiff and other Field Marketers for work performed before clocking in and/or after clocking out each day violated the FLSA, 29 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

53. Defendant's practice and policy of not paying Plaintiff and other Field Marketers for work performed traveling from the office to job sites and/or shows and from job sites and/or shows back to the office, including job sites and shows in other states violated FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

54. Defendant's practice and policy of failing to include bonuses earned by Plaintiff and similarly-situated Field Marketers in the computation of their regular hourly rate of pay and overtime compensation violated the FLSA, 29 C.F.R. § 778.209(a).

55. Defendant's practice and policy of not paying Plaintiff and other Field Marketers overtime compensation at a rate of one and one-half times their regular hourly rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

56. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other Field Marketers violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

57. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

58. As a result of Defendant's practices and policies, Plaintiff and other Field Marketers have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(Violations of Ohio Revised Code 4111.03)**

59. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60. Defendant's practice and policy of practice and policy of not paying Plaintiff and other Field Marketers for work performed before clocking in and/or after clocking out each day violated the OMFWSA, R.C. 4111.03.

61. Defendant's practice and policy of not paying Plaintiff and other Field Marketers for work performed traveling from the office to job sites and/or shows and from job sites and/or shows back to the office, including job sites and shows in other states violated the OMFWSA, R.C. 4111.03.

62. Defendant's practice and policy of failing to include bonuses earned by Plaintiff and similarly-situated Field Marketers in the computation of their regular hourly rate of pay and overtime compensation violated the OMFWSA, R.C. 4111.03.

63. Defendant's practice and policy of not paying Plaintiff and other Field Marketers overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.03.

64. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated Field Marketers violated the OMFWSA, R.C. 4111.03.

65. As a result of Defendant's practices and policies, Plaintiff and other similarly-

situated Field Marketers have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court find Defendant liable and:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes he represents actual damages for unpaid overtime compensation;

D. Award Plaintiff and the classes he represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the classes;

E. Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

                                                    Respectfully submitted,

                                                     /s/ Chastity L. Christy
                                                   Chastity L. Christy (0076977)
                                                   Anthony J. Lazzaro (0077962)
                                                   Lori M. Griffin (0085241)
                                                   The Lazzaro Law Firm, LLC
                                                   920 Rockefeller Building

614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Chastity L. Christy
One of the Attorneys for Plaintiff