# JOINT STIPULATION
# OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio (the "District Court"), Eastern Division, Plaintiff Darren Cook, individually and on behalf of all Plaintiffs, and Defendant Window Nation, Inc., agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Darren Cook v. Window Nation, Inc.,* Northern District of Ohio, Eastern Division, Case No. 1:17-cv-01004.

2. "Plaintiffs' Counsel" shall mean Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC.

3. "Representative Plaintiff" or "Plaintiff" shall mean Darren Cook.

4. "Plaintiffs" shall include Representative Plaintiff and the Opt-In Party Plaintiffs listed in Appendix 1.

5. "Defendant" shall mean Window Nation, Inc., and all of their former, current and respective officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

6. "Parties" shall mean Plaintiffs and Defendant, and "Party" shall mean any one of the Parties.

7. "Released Period" for Representative Plaintiff shall mean the period of three years prior to the date the Action was filed through and including the date on which the Court gives approval of the Settlement, and for the other Plaintiffs shall mean the period of three years prior to the date each Plaintiff opted into the Action through and including the date on which the Court gives approval of the Settlement.

8. "Final" shall mean the date the District Court has approved the Settlement.

9. "Settlement" shall mean this Confidential Joint Stipulation of Settlement and Release.

## RECITALS

10. On May 12, 2017, Plaintiff commenced the Action on behalf of himself and all others similarly situated to him with respect to the claims he asserted.

11. In the Action, Plaintiff alleged that Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiff and other similarly-situated employees for all time worked and overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek. Specifically, Plaintiff's claims are that: (1) Field Marketers' travel time to and from out-of-area events was not compensated as hours worked; (2) travel time from a Field Marketer's home office to Window Nation's central office for meetings was not compensated as hours worked; and (3) the additional compensation awarded to Field Marketers based on net sales resulting from appointments set by the Field Marketer was not included in the regular rate of pay for purposes of calculating overtime compensation.

12. Plaintiff believes that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective treatment. Defendant denies these allegations. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiff and Opt-In Plaintiffs were entitled to their claimed overtime compensation under the FLSA and whether the two-year or three-year statute of limitations applies.

13. The Parties reached the proposed Settlement in this matter after extensive good faith bargaining, which occurred during the period between October 2017 and February 2018. On February 26, 2018, the Parties reached a binding agreement to settle the Action on the terms set forth in this Settlement.

14. Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of Plaintiffs' claims against Defendant, including reviewing relevant documents, and researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, and Defendant's defenses. *See* Exhibit 2.

15. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiffs' claims in the Action have merit or that Defendant has any liability to Plaintiffs on those claims.

## SETTLEMENT PAYMENTS

16. **Total Settlement Amount:** Defendant will pay in connection with the Settlement a Total Settlement Amount of Forty-Five Thousand Nine Hundred Eighty-Two Dollars and Ninety-Five Cents ($45,982.95) which sum will cover: (a) all of the Individual Payments to Plaintiffs; and (b) Plaintiffs' Counsel's attorneys' fees and expenses.

17. **Payments to Plaintiffs:** Eleven Thousand Two Hundred Forty-Five Dollars and Eighty-Nine Cents ($11,245.89) of the Total Settlement Amount will be paid to Plaintiffs in the amounts provided in Appendix 1.

18. **Calculation of Individual Payments:** The Individual Payments, after deduction of Plaintiffs' Counsel's attorneys' fees and expenses from the Total Settlement Amount, have been calculated by Counsel for the Parties and are based proportionally on each Plaintiffs' overtime damages during the Released Period.

19. **Treatment of Plaintiffs' Settlement Payments:** The Individual Payments to Plaintiffs will be treated as payments in settlement of wage claims and shall be subject to the withholding of all applicable federal, state and local taxes.  Defendant will determine the proper tax withholding amounts.  Defendant will report the Individual Payments on IRS Forms W-2.  Defendant is responsible for payment of the employer's share of payroll taxes as required by law.

20. **Plaintiffs' Counsel's Attorneys' Fees and Expenses:** Thirty-Four Thousand Seven Hundred Thirty-Seven Dollars and Six Cents ($34,737.06) of the Total Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses ($33,000.00 in fees and $1,737.06 in expenses) incurred in the Action.  Defendant will issue to Plaintiffs' Counsel a Form 1099-Misc. with respect to the attorneys' fees and expenses.

## RELEASE OF CLAIMS

21. **Released Claims:** Plaintiffs will release Defendant from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, as alleged in the Complaint, pursuant to the FLSA,  the Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act, for the Released Period, including but not limited to with regard to Defendant's alleged failure to: (1) pay travel time to and from out-of-area events; (2) pay travel time from a home office to Window Nation's central office for meetings; and (3) include the additional compensation awarded to Field Marketers based on net sales resulting from appointments set by the Field Marketer in the regular rate of pay for purposes of calculating overtime compensation

22. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses that would be paid to Plaintiffs' counsel, unless there is a breach of this Agreement or a need to file a motion or other documents to enforce the Settlement.  In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

23. The entry of final judgment in the Action shall release all claims set forth in this entire Section of the Settlement.

## APPROVAL AND DISMISSAL OF THE ACTION

24. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

25. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the District Court.

26. **Confidential Joint Motion for Approval of Settlement:** On or before March 9, 2018, the Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit 3 to the Parties' Joint Motion For Approval of Settlement, granting final approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

27. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

28. **Distribution Process:** Defendant will mail the Individual Payments directly to Plaintiffs and the attorneys' fees and expenses to Plaintiffs' Counsel within fourteen (14) calendar days after the Court's entry of an Order granting approval of the Settlement and dismissal of the Action with prejudice. Defendant will issue separate checks to each Plaintiff and Plaintiffs' Counsel. Plaintiffs' Counsel will provide Defendant with any updated addresses for Plaintiffs. If any checks to Plaintiffs are returned as undeliverable to Defendant, Defendant will mail the checks to Plaintiffs' counsel who will make reasonable efforts to locate the Plaintiffs and redeliver the checks. Any checks that become lost or void during the six (6) month period after the initial distribution will be reissued to any Plaintiff upon request and without charge to the Plaintiff.

## PARTIES' AUTHORITY

29. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

30. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

31. The Parties represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

32.     Nothing contained in the Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant.

## CONSTRUCTION

33.     The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

34.     This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the District Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

35.     This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action.

## BINDING ON ASSIGNS

36.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

37.     This Settlement may be executed in counterparts, and may be signed electronically via PDF.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.  Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

38.     If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

38. The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement.

### REPRESENTATIVE PLAINTIFF AND PLAINTIFFS' COUNSEL SIGNATORIES

39. Representative Plaintiff executes this Settlement on behalf of himself and in this representative capacity on behalf of the other Plaintiffs. It is agreed that it is burdensome to have all of the Plaintiffs execute this Agreement. Furthermore, the Notice previously advised the Plaintiffs that if they chose to join this Action: (a) they would be bound by the judgment, whether it was favorable or unfavorable; (b) they also would be bound by, and would share in, any settlement that may be reached on behalf of the class; and (c) by joining this Action, each designated the named Plaintiff as his or her agent to make decisions on his or her behalf concerning the Action, including the entering into a settlement agreement with Defendant. This Agreement shall have the same force and effect as if each Plaintiff executed this Agreement.

### EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: _____  DARREN COOK

_____
Representative Plaintiff, Individually
and on Behalf of all Plaintiffs

Dated: _____  WINDOW NATION, INC.

By:_____

Its:_____

Dated: _____  CHASTITY L. CHRISTY
THE LAZZARO LAW FIRM, LLC


By:_____
Attorney for Plaintiffs

Dated: _____  RICHARD A. MILLISOR
FISHER & PHILLIPS LLP


By:_____
Attorney for Defendant

6

*Cook v. Window Nation, Inc.*

## Appendix 1

| Employee Name | Individual Payment |
|---|---|
| Aerieyon Alexander | $13.12 |
| Alex Ziemkiewicz | $31.50 |
| Brandon Diezman | $21.00 |
| Brandon Mason | $37.80 |
| Brian Chagnot | $378.09 |
| Brian Turner | $883.03 |
| Brice Payne | $12.60 |
| Charles Tursi | $90.46 |
| Christopher Conacher | $21.00 |
| Clyrena Gholston | $21.00 |
| Colton Luther | $21.00 |
| Daniel Vargas, III | $1,023.42 |
| Dante Johnson | $21.00 |
| Darren Cook | $2,631.21 |
| David Kovacs | $513.83 |
| Dean J. Diver | $231.21 |
| Donald Lee | $962.62 |
| Drew Gerig | $13.12 |
| Edward Egyed | $1,675.49 |
| Eric Gardenhight II | $31.50 |
| Hector D. Diaz-Jaimes | $88.20 |
| Jacob Roseman | $21.00 |
| Jalen Butler | $88.20 |
| James P. Winter | $31.50 |
| Jason Szafranski | $19.23 |
| Jeremy T. Korie | $25.20 |
| Jordan Mason | $63.00 |
| Joshua Burnett | $12.60 |
| Michael Addison | $5.69 |
| Michael Koelsch | $25.20 |
| Mila Susnjar | $10.50 |
| Nicholas Baker | $39.37 |
| Paul N. Moore | $12.60 |
| Randy O'Neil | $13.54 |
| Richard Wade | $105.00 |
| Rivera, Ariel | $15.33 |
| Robert Norton | $217.34 |
| Robert Sampson | $4.51 |
| Safi Williams | $277.20 |
| Shawn Admire | $43.63 |
| Sherri Laux | $926.41 |
| Spencer Blake | $12.60 |

*Cook v. Window Nation, Inc.*
**Appendix 1**

| Employee Name | Individual Payment |
|---|---|
| Thomas Dylan Claggett | $7.19 |
| Trenton J. Nunnally | $10.50 |
| Trevor Hayward | $522.94 |
| Walter Hicks | $12.60 |
| Xavier Moses | $0.78 |