UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARREN COOK, on behalf of himself and all others similarly situated, ) | CASE NO.:  1:17-cv-01004 |
| ) | |
| ) | CHIEF JUDGE PATRICIA A. GAUGHAN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER OF DISMISSAL AND** |
| WINDOW NATION, INC. ) | **APPROVING SETTLEMENT** |
| ) | |
| Defendant. ) | |

THIS CAUSE having come before the court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice as to Plaintiff's Complaint, such stipulation including the Parties' Joint Stipulation of Settlement and Release ("Settlement"), and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1. On May 12, 2017, Plaintiff filed his Complaint and alleged that Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiff and other similarly-situated employees for all time worked and overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek.

2. The Parties stipulate to this Court that they engaged in substantial investigation and informal discovery prior to negotiating the Settlement, and relevant information was exchanged, including a complete analysis of each potential Class Member's alleged overtime damages.

3. Between October 2017 and February 2018, the Parties engaged in an informal yet

comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims.  This included a complete analysis and calculations of Representative Plaintiff's, the Existing Opt-In Party Plaintiffs', and the Potential Opt-In Party Plaintiffs' alleged overtime damages.

4. The Parties advise this Court that they engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties.

5. Through informal discovery as well as each Party's continued investigation, the Parties narrowed the issues in this case to the following: (1) Field Marketers' travel time to and from out-of-area events not being compensated as hours worked; (2) travel time from a Field Marketer's home office to Window Nation's central office for meetings not being compensated as hours worked; and (3) the additional compensation awarded to Field Marketers based on net sales resulting from appointments set by the Field Marketer not being included in the regular rate of pay for purposes of calculating overtime compensation.  These narrowed issues are the sole issues before this Honorable Court in the Parties' Motion for Approval of the Settlement.

6. On November 16, 2017, the Parties participated in a mediation with Magistrate Judge William H. Baughman, which assisted the Parties with settlement negotiations, however disputes over certain factual issues caused an impediment to resolution at the time.

7. In an effort to overcome the impediment relating to the factual issues presented at the mediation, the Parties agreed to conditionally certify a collective action.

8. On December 7, 2017, the Parties filed their Joint Stipulation to Conditional Certification and Notice (Doc.# 26), which this Court approved on December 11, 2017 (Doc.# 27).

9. On December 26, 2017, Notice was mailed to potential Class Members, and the

Notice period closed on January 25, 2018.

10. In addition to Representative Plaintiff, there were 49 Opt-In Party Plaintiffs, two of whom did not work for Defendant within the applicable three (3) year statute of limitations, and one of whom was owed nothing within the three (3) year statute of limitations. As such, these three (3) opt-ins were withdrawn and are not parties to the settlement. Representative Plaintiff and the remaining 46 Opt-In Party Plaintiffs will participate in the settlement.

11. On February 7, 2018, following the close of the opt-in period, the Parties stipulate that Defendant provided Plaintiffs' counsel with additional available electronic payroll records for some of the opt-in plaintiffs for whom records had not previously been provided as a byproduct of the applicable software's limitations in pulling records.

12. Between February 7, 2018 and February 26, 2018, the Parties engaged in further settlement discussions, and reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit A on February 26, 2018.

13. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

14. Although Defendant denies liability for claimed overtime compensation under the FLSA and/or OMFWSA, the Parties do not dispute the calculation of hours relating to Plaintiffs' alleged travel time to and from out-of-area events or relating to the additional compensation awarded to Field Marketers based on net sales resulting from appointments set by the Field Marketer that were allegedly not included in the regular rate of pay for purposes of calculating overtime – all as alleged by Plaintiffs – and in the event that Plaintiffs were ultimately successful on those claims (which Defendant disputes).

15. However, with respect to Plaintiff's claims and damages relating to Defendant's failure to pay travel time from the home office to Defendant's central office for meetings, there remains a bona fide dispute. Plaintiff's position is that travel time from the home office to the central office was not compensated as hours worked and that this alleged meeting occurred once a month, though admits that the meeting did not occur every month during the three-year period. In contrast, Defendant's position is that for most, if not all Field Marketers, this travel time was, in fact, compensated and that the meetings were, at most, quarterly meetings that have not been held since early 2017.

16. Furthermore, there is a bona fide dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as Defendant claims it did not act willfully and has a good faith defense.

17. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached a settlement of all claims asserted in the pending action. The Settlement covers employees who opted into the Action and consented to be bound by any settlement reached by the Parties.

18. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act.

19. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

20. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provide by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties'

Settlement.

    ORDERED this __21st_ day of __March_____, 2018.

                                      /s/ Patricia A. Gaughan
                                      CHIEF JUDGE PATRICIA A. GAUGHAN